UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| N5ZX AVIATION, INC., Plaintiff, | § § § § | |
| v. | § § | Case No. 3:11-CV-0674 Judge Campbell |
| OWEN C. BELL and CHRIS BELL, Defendants. | § § § | |

## JOINT INITIAL CASE MANAGEMENT ORDER

Pursuant to Rule 16.01 of the Local Rules for the United States District Court for the Middle District of Tennessee, the Court enters this Initial Case Management Order encompassing the pertinent issues as follows:

**A.  Jurisdiction**

The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**B.  Brief Theories of Parties**

**(1)  Plaintiff's Theories**

Plaintiff N5ZX is a Texas corporation formed for the purpose of acquiring a Cessna Skymaster P337T from Owen Bell. The corporation was formed and owned by Bryan Farney ("Farney"). Its officer is Cole Reed ("Reed"). Farney was interested in acquiring a Cessna Skymaster P337T and engaged the services of Cole Reed to assist in that search. Reed contacted Bell regarding an aircraft advertised in Trade-a-Plane referred to as the "Ultimate Skymaster." Reed utilized Bell as a source of information regarding Skymaster aircraft with modifications for increased speed and payload. Bell steered Reed away from the purchase of a competing Skymaster called a Riley Super

Rocket by making negative comments about its capabilities. Bell told Reed he could manufacture and sell an Ultimate Sky Rocket for Reed and his principal that would exceed the capabilities of the Super Rocket.

Over a period of time, significant misrepresentations regarding quality and capability were made of N5ZX and of Bell and his team, which included his son Chris Bell. The aircraft N5ZX was represented to be in excellent airworthy condition, and all systems fully functional, Bell represented that all modifications made to the N5ZX were in compliance with FAA regulations and that the aircraft was airworthy. Bell represented he had marketable title to the aircraft. The representations were made in person and in writing to Farney and Reed. An agreement was reached to purchase the aircraft in July of 2009 with the understanding that Bell, and/or his son would modify the aircraft to meet certain specifications of the Ultimate Skymaster. Bell would provide qualified flight instruction in the aircraft. As part of the agreement, Bell assured the airworthiness could be confirmed by an annual inspection. At the time of these negotiations, Bell knew modifications to the wings had damaged the wing spars. Plaintiff would not have entered into the agreement had Bell disclosed these facts affecting the airworthiness of the aircraft. In the fall of 2009, Plaintiff made complaints to Bell about discrepancies in the aircraft. Bell and Chris Bell made renewed representations to Plaintiff that the aircraft fully complied with all FAA regulations and that all systems or parts were functioning as required and any discrepancies would be identified as part of the annual inspection. The completion of the modifications took months longer than Bell had represented and Bell added an additional $7,500 in costs that was unexplained.

The representations made by Plaintiffs are not subject to dispute as Owen Bell frequently used e-mail to communicate falsehoods about N5ZX and competitor aircraft. These emails will be used to show fraudulent misrepresentations by the Defendants that Plaintiff justifiably relied on when deciding to purchase N5ZX. These representations included but are not limited to (1) the brand of tip tanks located on the aircraft, (2) the workmanship of the repairs and modifications performed by Defendants' business, (3) that the repairs and modifications were FAA-approved, (4) that the aircraft was fully functional and safe as of the date of sale to Plaintiff, (5) that Bell held marketable title for the aircraft, and (6) that Bell had conformed to all FAA requirements in performing an annual inspection on the aircraft.

The plane was delivered to the Plaintiff in January of 2010. During the spring of 2010, another Bell modified Skymaster came apart in the air and crashed in New Jersey. The FAA determined the modifications installed by Bell on Cessna Skymaster aircraft had the potential of over stressing the aircraft wings, and issued orders severely limiting the flight capability of these aircraft. Thereafter, inspections of N5ZX determined that not only had Bell's modifications been misrepresented, the actual work performed by Bell and his son, Chris Bell, on the aircraft had ruined the wings. Despite efforts by Plaintiffs to salvage and repair the wings, new wings were required to be installed at a significant cost to Plaintiff causing loss of use. Further, Plaintiff was required to rebuild many of the structural components and systems of the aircraft after learning that Defendants sold to Plaintiff an aircraft that had been poorly repaired, modified and maintained. Plaintiff brings claims against Bell and Chris Bell for fraud, fraudulent misrepresentation, negligence, negligent misrepresentation. Plaintiff anticipates seeking

leave to amend the Complaint to assert additional claims including for violation of the Tennessee Consumer Protection Act and/or the Texas Deceptive Trade Practices Act.

### (2) Defendants' Theories

As Judge Sam Sparks recognized, this is simply a case about buyer's remorse. (Doc. 14 at 11.) The impetus of this case can be explained very simply. Plaintiff, N5ZX Aviation, Inc., was formed to purchase a T337G Cessna SkyMaster airplane (tail number N5ZX) in Tennessee in July 2009. (Ex. A-2, Purchase Agreement; A-13, Articles of Incorporation.)[1] After the purchase, the airplane was in Texas for only about three months before N5ZX Aviation flew the airplane back to Tennessee for additional modifications to make the airplane even more valuable. (Ex. A-7, Email dated Nov. 2, 2009.) Shortly after Aviation Enterprises finished additional modifications requested for the airplane in January 2010, there was an airplane crash in New Jersey involving a T337G Cessna SkyMaster in February 2010. (See Ex. A-4, FAA Preliminary Report ERA10FA140.) During the investigation of that accident, the Federal Aviation Administration issued a Special Airworthiness Information Bulletin (SAIB) CE-10-20. (Ex. A-5.) Based upon that SAIB, N5ZX Aviation, Inc. had the airplane inspected by Air Services, Inc. at the West Georgia Regional Airport in Carrollton, Georgia. (Pl.'s Orig. Compl. ¶¶ 100–04.) Some of the results of that inspection were included in a later Airworthiness Directive (AD) 2010-21-18 issued on October 19, 2010. (Ex. A-6.)

The recent AD applies to approximately 12 airplanes wherever they may be located, including N5ZX, and requires inspection of the wings for internal and external damage, repair of any damage found, installation of a new operational limitation placard

---

[1] All "Exhibits" referenced in this Joint Initial Case Management Order are attached to Defendants' Motion to Dismiss. (Doc. 5.)

in the cockpit, and the addition of limitations to the flight manual supplement. (Ex. A-6.) The AD also requires reporting the results of the inspection to the FAA, if damage is found. *Id.* After N5ZX was inspected under the newly issued SAIB and AD, its wings were apparently slated for removal and were ultimately replaced in Georgia. (Pl.'s Orig. Compl. ¶ 108.) The Plaintiff is now unsatisfied with the purchase, because the new SAIB and AD issued by the FAA required significant additional inspections and improvements to be made to the airplane.

The U.S. Western District of Texas has reviewed Plaintiff's allegations of fraud and found them to be insufficient to support a finding of fraud:

> Plaintiff argues Defendants engaged in activities sufficient to establish specific personal jurisdiction over them by this Court, including: (1) making intentionally misleading statements in Texas to Farney and to Reed; (2) intentionally representing by communications into Texas the N5ZX aircraft to be of a quality or condition that Defendant Owen Bell knew was false; (3) intentionally forwarding communications into Texas to Farney and Reed falsely comparing the capabilities and quality of N5ZX compared to aircraft being sold by competitors and being considered for purchase by Plaintiff; (4) delivering N5ZX, or causing N5ZX to be delivered, into Texas; (5) communicating to Texas a message certifying N5ZX as airworthy, knowing that certain maintenance and repairs required by the FAA had not been performed in a required manner, and knowing that Plaintiff intended to fly N5ZX in Texas; (6) sending communications into Texas to Plaintiff that N5ZX had tip tanks manufactured by Flint Corporation, when in fact such tanks had been manufactured by Aviation Enterprises, and Defendant Owen Bell knew the representation regarding the tip tanks was false. In short, Plaintiff argues this Court has jurisdiction over Defendants because they communicated information into Texas for the purposes of committing fraud, fraudulent inducement, fraudulent misrepresentation, and other tortious conduct. Thus, personal jurisdiction in this case is based solely on alleged fraudulent statements directed at Plaintiff in Texas. *If there are no fraudulent statements adequately pled, then this is simply a breach of contract suit* where the negotiations of a contract, involving Texas plaintiffs, are insufficient to show specific personal jurisdiction."

(Doc. 14 at 5-6.) (emphasis added)

This is simply a contract suit with no basis to assert a breach of contract, so it is disguised as a tort action. The U.S. District Court for the Western District of Texas considered each of six alleged grounds for fraud above, and found that there were no viable fraud causes of action:

> First, Plaintiff argues Owen Bell's communications comparing N5ZX to other planes were fraudulent because he represented he had experience and knowledge on planes and urged Plaintiff to rely on his advice when considering which aircraft to purchase. *This is clearly not fraud* and does not indicate Defendants reasonably anticipated being hailed into court. *Luv N' care Ltd. v. Insta-Mix, Inc.*, 438 F Jd 465,470 (5th Cir. 2006)) (emphasis added.) Statements comparing one product to another and claiming superiority are not actionable misrepresentations. *Autohaus, Inc. v. Aguilar*, 794 S.W.2d 459, 464 (Tex. App.—Dallas 1990, writ denied). Owen Bell was attempting to convince Plaintiff to buy a plane from him, rather than someone else. There is no reason Reed would have thought the relationship between Reed and Owen Bell was one of reliance. Further, any statements Bell made were simply puffing, opinion, or future predictions about the performance of the plane. Second, this entire controversy centers around a single contract and whether the people who later formed the entity Plaintiff were fraudulently induced into entering the contract. *See Int'l Software Systems, Inc. v. Amplicon*, 77 F3d 112, 116 (5th Cir. 1996). While Plaintiffs allegations of personal jurisdiction focus on alleged misrepresentations made to two individuals, Cole Reed and Bryan Farney, the damages alleged were not incurred by the individuals, but by the their newly formed corporation N5ZX Aviation, Inc., which was not formed until after the alleged representations were made.

(Doc. 14 at 8–9.)

The U.S. District Court for the Western District of Texas further noted that, even if the court had personal jurisdiction, the Plaintiff's fraud claims, "would be dismissed for failure to plead fraud with specificity."(Doc. 14 at n. 3.) The court noted that this "would leave only claims of negligence, at best" to be pursued in the proper court. (Doc. 14 at n. 3.)

C.  **Issues Resolved**

The U.S. District Court for the Western District of Texas determined that it did not have personal jurisdiction over the Defendants, and the case was transferred to this Court.

D.  **Issues Still In Dispute**

Plaintiff and Defendants have identified the following issues which are in dispute:

- Whether Defendants misrepresented the condition of the aircraft.
- Whether Defendants misrepresented the work performed on the aircraft.
- Whether Defendants misrepresented the services provided with the aircraft.
- The amount and type of damages Plaintiff suffered.
- What claims, if any, are left after the findings made by the U.S. District Court for the Western District of Texas.
- Whether this case may proceed on any tort theory or if it is limited to being a breach of contract dispute.
- Whether there was any breach of contract.
- Whether there were any implied or express warranties applicable to the transaction.
- Whether the claims are barred by statutes of limitations and statutes of repose.
- Whether the claims are pre-empted by federal law.

E.  **Initial Disclosures**

The parties shall exchange Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before September 29, 2011.

### F. First Amended Pleadings

Plaintiff will file a First Amended Complaint on or before August 31, 2011. Defendants need not file an answer to the current pleading on file, but will file their responsive pleading to the First Amended Complaint on or before September 19, 2011.

### G. Other Pretrial Discovery Matters

#### (1) Trial

This action will be set for a pretrial conference and trial by separate order. The parties expect the trial to last approximately 3 days.

#### (2) Discovery Deadlines

On or before Friday, March 2, 2012, the Plaintiff must declare to the Defendants the identity of all expert witnesses and provide all the information specified in Fed. R. Civ. P. 26(a)(2)(B). On or before Friday, April 6, 2012, the Defendants must declare to the Plaintiff the identity of all expert witnesses and provide all the information specified in Fed. R. Civ. P. 26(a)(2)(B). Supplementation of expert opinions shall be governed by the Federal Rules of Civil Procedure.

Any motions to amend the pleadings or to join parties must be filed on or before Friday, January 6, 2012. Discovery will not be stayed pending disposition of any motions, unless otherwise ordered by the Court.

All discovery must be completed on or before Friday, June 29, 2012. All discovery-related statements and discovery-related motions must be filed by the close of business on Friday, July 9, 2012. No motions concerning discovery may be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with the Court.

All dispositive motion must be filed on or before Friday, August 17, 2012. Dispositive motions may be filed much earlier in the proceeding. Responses to dispositive motions must be filed within 21 days after filing. Optional replies may be filed within 14 days after filing of the response. Briefs may not exceed 25 pages.

The parties agree to participate in a mediation to attempt to resolve all issues no later than October 15, 2012, and submit a mediation report report to the Court advising whether or not this matter was resolved. The parties believe that the prospects for settlement are fair.

IT IS SO ORDERED.

Entered this _____ day of _____, 2011.

_____
JULIET GRIFFIN
United States Magistrate Judge

Respectfully submitted,

/s/ Tracy J. Willi
Tracy J. Willi
twilli@willilawfirm.com
Texas State Bar No. 00784633
Willi Law Firm, P.C.
9600 Escarpment Blvd.
Suite 745, PMB 34
Austin, TX 78749-1983
(512) 288-3200
(512) 288-3202 (fax)

## CERTIFICATE OF CONFERENCE

I certify that counsel for the parties held a conference and are in agreement with the filing of this Proposed Initial Case Management Plan.

/s/Tracy J. Willi
Tracy J. Willi

# **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system on August 22, 2011, which will send notification of such filing to all counsel of record who are deemed to have consented to electronic service.

Richard Glassman
rglassman@gewwlaw.com
Edwin E. Wallis, III
ewallis@geww.com
Glassman, Edwards, Wyatt, Tuttle & Cox, PC
26 North Second St.
Memphis, TN 38103
Tel. (901) 527-4673
Fax (901) 451-0640

R. Mark Dietz
rmdietz@;lawdietz.com
Dietz & Jarrard, P.C.
106 Fannin Ave.
Round Rock, TX 78664
Tel. (512) 244-9314
Fax (512) 244-3766

Marc A. Walwyn
marc@walwynlaw.com
Walwyn & Walwyn
1994 Gallatin Pike N. Ste. 305
Madison, TN 37115
Tel. (615) 859-8668
Fax (615) 855-2450

/s/ Tracy J. Willi
Tracy J. Willi