IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


N5ZX AVIATION, INC.            )
                               )
v.                             ) NO. 3-11-0674
                               ) JUDGE CAMPBELL
OWEN C. BELL and CHRIS BELL    )

MEMORANDUM

Pending before the Court is Defendant's Motion to Dismiss (Docket No. 37). For the reasons stated herein, Defendant's Motion is GRANTED in part and DENIED in part. Plaintiff's claim for conversion is DISMISSED.

FACTS

Plaintiff's First Amended Complaint alleges that, in connection with the sale of an airplane to Plaintiff, Defendants Owen Bell and Chris Bell fraudulently and negligently made material misrepresentations of fact concerning the condition and airworthiness of that plane. In addition, Plaintiff alleges that Defendants were negligent in their inspection, repair, certification and maintenance of the aircraft. Plaintiff also alleges causes of action for conversion, unfair and deceptive trade practices under the Tennessee Consumer Protection Act ("TCPA"), breach of warranties[1] and civil conspiracy. Docket No. 36.

---

[1] Plaintiff alleges breach of the warranty of merchantability and breach of the warranty of fitness for a particular purpose. Docket No. 36.

This action was originally filed in the U.S. District Court for the Western District of Texas and was transferred here by Order of that court. Docket Nos. 14-16. Defendants have moved to dismiss Plaintiff's claims.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the Court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## LAW OF THE CASE DOCTRINE

Defendants first argue that the Texas federal court has already found Plaintiff's claims of fraud and misrepresentation to be insufficient to state a claim for relief. Plaintiff, on the other hand, contends that the Texas court ruled solely on Defendants' Motion to Transfer this case, not on the Motion to Dismiss Plaintiff's claims, and nothing in the ruling on the Motion to Transfer bars Plaintiff's substantive claims herein.

Judge Sparks of the Texas court granted in part Defendants' Motion to Dismiss or in the Alternative to Transfer Case, finding "there is simply no reason for the Court to exercise personal jurisdiction here." Docket No. 14, pp. 10-11. "Instead, it is clear there is jurisdiction in the Middle District of Tennessee, and all the issues in this case can be litigated there." *Id*. at p. 11.

In so ruling, Judge Sparks granted Defendants' Motion to Transfer, not their Motion to Dismiss. Contrary to Defendants' assertions, he did not dismiss the claims of fraud and misrepresentation. Indeed, he stated that *all* the issues in this case can be litigated in Tennessee.[2] Judge Sparks simply refused to exercise personal jurisdiction over the Defendants. Therefore, Defendants' Motion to Dismiss based on the law of the case is denied.

## STATUTE OF REPOSE

Defendants contend that Plaintiff's action is barred by Tennessee's ten-year statute of repose for products liability actions. Tenn. Code Ann. § 29-28-103. Plaintiff insists that this is not a products liability action.

Under Tennessee law, a "product liability action" is defined as including "all actions brought for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, preparation, assembly, testing, service, warning, instruction, marketing, packaging or labeling of any product." Tenn. Code Ann. § 29-28-102(6). "Product liability action" includes, but is not limited to, all actions based on the following theories:

---

[2] The Texas court stated in a footnote: "even if this Court had personal jurisdiction, the fraud claims would be dismissed for failure to plead fraud with specificity. This would leave only claims of negligence, at best, which should rightfully be pursued in Tennessee." *Id*. at p. 11, n.3 (citations omitted). Neither this dicta nor Judge Sparks' other comments concerning the merits of the case are binding on this Court.

3

strict liability in tort; negligence; breach of warranty, express or implied; breach of or failure to discharge a duty to warn or instruct, whether negligent or innocent; misrepresentation, concealment, or nondisclosure, whether negligent or innocent; or under any other substantive legal theory in tort or contract whatsoever. *Id*. "Property damage" under Tennessee's Product Liability Act means damage to property other than the allegedly defective product. *Lincoln General Ins. Co. v. Detroit Diesel Corp.*, 293 S.W.3d 487, 492 (Tenn. 2009).[3]

Plaintiff does not allege that this product was defective or unreasonably dangerous or that Defendants should be strictly liable. In addition, Defendants are not the manufacturer of this aircraft. The "property damage" alleged in this action is to the product itself. Plaintiff seeks economic losses only. For all these reasons, the Court finds that this lawsuit is not a "products liability action" under Tennessee law. Therefore, Defendants' arguments about the Statute of Repose are moot.

## STATUTES OF LIMITATION

This action was filed on October 29, 2010. Defendants assert that any claims based upon conduct that occurred prior to October 29, 2009, are barred by Tennessee's one-year statutes of limitations for personal injuries (Tenn. Code Ann. § 28-3-104) and for actions under the TCPA (Tenn. Code Ann. § 47-18-110).

Although it is undisputed when the alleged misrepresentations were made, and many of them were made more than one year before this lawsuit was filed, it is not undisputed when Plaintiff's cause of action accrued. The question of when a statute of limitations begins to run is determined

---

[3] Defendants recognize this holding by citing, in their argument about the Economic Loss Doctrine, the Tennessee Supreme Court's finding that "property damage" in the Products Liability Act means "damage to property other than the defective product." Docket No. 37, p. 11 (citing *Lincoln General*, 293 S.W.3d at 492).

4

by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Willis v. Wal-Mart Stores, Inc.*, ___ F.Supp.2d ___, 2011 WL 4449647 at * 2 (M.D. Tenn. Sept. 26, 2011). Under federal law, the statute begins to run when the plaintiff knew or should have known of the injury which forms the basis of its claims. *Id.* A plaintiff has reason to know of its injury when it should have discovered it through the exercise of reasonable diligence. *Ruff*, 258 F.3d at 501.

Plaintiff's First Amended Complaint alleges that Plaintiff took possession of the aircraft on January 19, 2010, and first encountered problems with the aircraft on January 20, 2010, within the statute of limitations period.[4] Whether Plaintiff should reasonably have discovered its injury prior to that time involves issues of fact which cannot be determined on this Motion to Dismiss. Plaintiff has sufficiently pled that its cause of action accrued within the applicable statutes of limitation. Accordingly, Defendants' Motion to Dismiss on this issue is denied.

## LACK OF PRIVITY AND LACK OF STANDING

The parties allege that the contract to purchase the airplane in question was an agreement between Aviation Enterprises and N5ZX Aviation, Inc. The alleged misrepresentations were made to Plaintiff's two representatives, Farney and Reed, by two individuals, Owen Bell and Chris Bell. Neither Owen Bell nor Chris Bell is a party to the contract, and neither Bryan Farney nor Cole Reed is a party to this lawsuit.

Defendants argue that Plaintiff N5ZX Aviation has neither privity nor standing to bring this lawsuit, since any alleged misrepresentations and warranties were made to Farney and Reed and N5ZX Aviation, Inc. was not even formed until after the alleged misconduct. On the other hand,

---

[4] Plaintiff's claims for injury to personal property were filed within the three-year statute of limitations of Tenn. Code Ann. § 28-3-105, and Plaintiff's claims for breach of warranties were filed within the four-year statute of limitations of Tenn. Code Ann. § 47-2-725.

5

Defendants argue that *their* corporation, Catz Enterprises, Inc., doing business as Aviation Enterprises, is the proper Defendant, not they as individuals, since the corporation was the seller and all actions by them were taken in their official capacities for the corporation.

The First Amended Complaint alleges that Defendants knew that Farney and Reed were forming a corporation for the purchase of this aircraft. Farney and Reed were not undisclosed agents for this new corporation. Accepting the allegations of the First Amended Complaint as true, which the Court must do, Defendants were aware of Farney and Reed's intent and that their actions were taken on behalf of the soon-to-be-formed corporation.

With regard to the proper Defendants in this action, the parties assert that N5ZX Aviation, Inc. purchased the aircraft from Aviation Enterprises, but nothing in the First Amended Complaint alleges that Aviation Enterprises is a corporation. Nothing in the First Amended Complaint indicates that the seller is actually Catz Enterprises, Inc., doing business as Aviation Enterprises.[5] Nothing in the First Amended Complaint indicates that Plaintiff was aware that Aviation Enterprises was a corporation or that Catz Enterprises, Inc. even existed. Accepting the allegations of Plaintiff's Complaint as true, Defendants never held themselves out to be acting for anything other than the "business" Aviation Enterprises. For purposes of this Motion to Dismiss, Defendants may not hide behind the corporate form to avoid liability. This issue is more appropriate for summary judgment or to be determined by the trier of fact at trial.

---

[5] Defendants contend that this fact is established through the Declaration of Owen Bell, which was filed in support of Defendants' Motion to Dismiss or Transfer in the Texas court. The Court cannot consider the Bell Declaration on this Motion to Dismiss. The First Amended Complaint alleges nothing about a corporation called Catz Enterprises, and it does not allege that Aviation Enterprises is a corporation.

For these reasons, Defendants' Motion to Dismiss based on lack of privity, lack of standing and fiduciary shield doctrine is denied.

ECONOMIC LOSS DOCTRINE

Defendants' argument concerning the "Economic Loss Doctrine" presumes that this case is a "products liability action" under Tennessee law. The Court has found this lawsuit is *not* a products liability action.

The Economic Loss Doctrine is a judicially created principle that reflects an attempt to maintain separation between contract law and tort law by barring recovery in tort for purely economic loss. *Pascarella v. Swift Transportation Co., Inc.*, 694 F. Supp.3d 933, 944 (W.D. Tenn. 2010). The Tennessee Court of Appeals has defined "economic loss" to include damages for inadequate value, cost of repair, and replacement of defective goods or consequential loss of profits. *Carbon Processing and Reclamation, LLC v. Valero Marketing and Supply Co.*, 694 F.Supp.2d 888, 907 (W.D. Tenn. 2010), *rev'd on other grounds*, 2010 WL 3925261 (W.D. Tenn. Sept. 29, 2010) (citing *Trinity Industries v. McKinnon Bridge Co.,* 77 S.W.3d 159 (Tenn. Ct. App. 2001)).

Although the Tennessee Supreme Court has said that the Economic Loss Doctrine is implicated in products liability cases when a defective product damages itself without causing personal injury or damage to other property, *Ham v. Swift Transportation Co., Inc.,* 694 F.Supp.2d 915, 921, n.2 (W.D. Tenn. 2010), federal courts applying Tennessee law have declined to extend the Economic Loss Doctrine beyond cases involving the sale of goods. *Id*. at 922. For example, in *Ham*, the court held that the Economic Loss Doctrine did not apply to cases involving the provision of services. *Id*. at 923; *see also Pascarella*, 694 F. Supp.3d at 946 and *America's Collectibles*

7

*Network, Inc. v. Sterling Commerce (America), Inc.*, 2011 WL 2118574 at * 4 (E.D. Tenn. May 26, 2011).

Thus, the Economic Loss Doctrine does not bar claims based upon breach of warranties, *Autozone, Inc. v. Glidden Co.*, 737 F.Supp.2d 936, 948-950 (W.D. Tenn. 2010); negligent misrepresentation, *Acuity v. McGhee Engineering, Inc.*, 297 S.W.3d 718, 734 (Tenn. Ct. App. 2008); fraud, *Exprezit Convenience Stores, LLC v. Transaction Tracking Technologies, Inc.*, 2007 WL 307237 at * 10 (M.D. Tenn. Jan. 29, 2007); conversion, *Carbon Processing*, 694 F.Supp.2d at 907; fraud in the inducement, *Id.* at 908; or claims under the TCPA. *Id.*

As Defendants have noted, Plaintiff has not brought a breach of contract claim. Plaintiff's claims for fraudulent and negligent misrepresentation, for negligent provision of the services of repair, maintenance and inspection, for conversion, for violations of the TCPA, for breach of warranties, and for conspiracy are not barred by the Economic Loss Doctrine.

REASONABLE RELIANCE/MATERIAL FACT

Under Tennessee law, for both fraudulent and negligent misrepresentation claims, Plaintiff must show that it reasonably relied upon the allegedly false information. *Menuskin v. Williams*, 145 F.3d 755, 764 (6th Cir. 1998) and *Staggs v. Sells*, 86 S.W.3d 219, 223 (Tenn. Ct. App. 2001). Whether a person's reliance on a representation is reasonable generally is a question of fact inappropriate even for summary judgment, much less for a motion to dismiss. *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 737 (Tenn. Ct. App. 1996); *Davis v. McGuigan*, 325 S.W.3d 149, 158 (Tenn. 2010).

Plaintiff's First Amended Complaint sufficiently alleges reliance upon the statements of Defendants as to the condition of the subject aircraft and as to its airworthiness. Plaintiff has alleged

specific statements, which Plaintiff contends were false when made, as to the condition of the airplane. Thus, Defendants' Motion to Dismiss based upon a lack of reasonable reliance is denied.[6]

Defendants also argue that Plaintiff has failed to plead how any of the alleged misrepresentations were material to the transaction. The Court disagrees. The facts which Plaintiff alleges were misrepresented to it by Defendants involve the condition, inspection, modifications and repairs of the airplane to be purchased, the heart of the sale. In particular, alleged misrepresentations as to the airworthiness of the plane can hardly be characterized as immaterial. Thus, Defendants' Motion to Dismiss based upon lack of a material fact is also denied.

## OFFICIAL IMMUNITY/PREEMPTION

Defendants contend that they cannot be liable for any allegedly negligent inspection conducted in their capacities as "Airworthiness Inspectors," citing *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424 (11th Cir. 1996). *Magnin* does not support the argument that Defendants have some type of official immunity in this case, and Defendants have cited no other authority for this argument.

Defendants also argue that Plaintiff's claims concerning misconduct by the Federal Aviation Authority ("FAA") are preempted. Plaintiff's claims are not against the FAA. Plaintiff's claims are against two individuals for misrepresentations in connection with the sale of an airplane, negligent repairs, inspection and certification, conversion, breach of warranties, conversion and conspiracy. None of these causes of action is preempted by federal law under these circumstances.

---

[6] Defendants argue that the Texas court recognized that there was no reasonable reliance in this case. As stated above, however, the dicta of the Texas court is not binding on this Court, even if it did make such a "recognition."

9

Accordingly, Defendants' Motion to Dismiss based upon official immunity and preemption is denied.

## CONVERSION

Under Tennessee law, conversion is the appropriation of another's property to one's own use or benefit, in exclusion or defiance of the owner's rights. *Wright v. Linebarger Googan Blair & Sampson*, 782 F.Supp.2d 593, 613 (W.D. Tenn. 2011). A party claiming conversion must prove (1) the appropriation of another's property to one's own use and benefit, (2) by the intentional exercise of dominion over it, (3) in defiance of the true owner's rights. *Id.*

Defendants contend that Plaintiff voluntarily placed the plane in the control of Aviation Enterprises to perform work on the aircraft. Defendants also point out that there was a dispute over the amount of money due for that work. Defendants claim that the property was not appropriated for Defendants' own use and benefit. Plaintiff, on the other hand, alleges that Defendants held Plaintiff's airplane hostage in order to exact a greater sum of money than previously agreed.

Viewing the First Amended Complaint in the light most favorable to the Plaintiff, the Court finds that it does not sufficiently allege a claim for conversion. Plaintiff's claims involve alleged misrepresentations about the condition of the aircraft; additional, unexpected repairs which were required; delay in delivery of the airplane; additional, disputed costs associated with the repairs; and consequential damages as a result of Defendants' allegedly wrongful behavior. Plaintiff's damages do not arise from a wrongful appropriation of the airplane by Defendants. There is no allegation that the Defendants "took" the aircraft against Plaintiff's will.

For these reasons, Defendants' Motion to Dismiss the conversion claim is GRANTED, and that claim is DISMISSED.

## CONSPIRACY

Plaintiff alleges that Defendants's alleged misconduct amounts to a conspiracy under state law. In Tennessee, a civil conspiracy is defined as a combination between two or more persons to accomplish by concert an unlawful purpose or to accomplish a purpose not in itself unlawful by unlawful means. *Baker v. Hooper*, 50 S.W.3d 463, 468 (Tenn. Ct. App. 2001). The requisite elements of the cause of action are common design, concert of action, and an overt act. *Braswell v. Carothers*, 863 S.W.2d 722, 727 (Tenn. Ct. App. 1993).

Defendants argue that Plaintiff cannot prove conspiracy because Defendants were acting at all times as officers and employees of a corporation. As noted above, whether Defendants held themselves out as officers or employees of a corporation is disputed. Farley and Reed allege they were dealing with employees of a "business" called Aviation Enterprises. For purposes of this Motion to Dismiss, Plaintiff has pled sufficient facts to allege a conspiracy claim. Again, this issue may be determined on summary judgment, after discovery, or on the complete record at trial.

## LACK OF SPECIFICITY

Defendants assert that Plaintiff's First Amended Complaint fails to plead facts with sufficient specificity pursuant to Fed. R. Civ. P. 8 and 9, citing Plaintiff's incorporation of facts at the beginning of each count.

Defendants have cited no authority, and the Court knows of none, to support their claim that Plaintiff must specifically reiterate facts at the beginning of each count, rather than incorporating the sufficiently pled facts in the earlier portions of the Complaint. Defendants' Motion to Dismiss on this ground is denied.

11

## CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss (Docket No. 37) is GRANTED in part and DENIED in part. Plaintiff's claim for conversion is DISMISSED.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE