IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

N5ZX AVIATION, INC. )
)
v. ) NO. 3-11-0674
) JUDGE CAMPBELL
OWEN C. BELL and CHRIS BELL )

MEMORANDUM

Pending before the Court is Defendant Owen Bell's Motion to Alter or Amend Judgment (Docket No. 139). For the reasons stated herein, the Motion is DENIED.

FACTS

This matter arose out of the sale of an airplane by Defendants to Plaintiff. Plaintiff contended that Defendants made fraudulent, material misrepresentations of fact concerning the condition and airworthiness of that plane. In addition, Plaintiff alleged that Defendants were negligent in the inspection, repair, certification and maintenance of the aircraft and that the plane was in a dangerous condition when it was sold.

The case was tried by a jury, which awarded the Plaintiff judgment against Defendant Owen Bell in the amount of $226,000 compensatory damages and $774,000 punitive damages.[1] The jury found Defendant Owen Bell liable for the following causes of action: negligence, intentional misrepresentation or fraud, breach of warranty, and willful violation of the Tennessee Consumer Protection Act ("TCPA"). Docket No. 134. Judgment was entered in accordance with the jury's verdict on April 1, 2014. Docket Nos. 135 and 136.

Defendant Bell's Motion to Alter or Amend Judgment asks the Court to reduce the punitive damages award or, alternatively, to order a new trial. Docket No. 140.

---

[1] The jury found in favor of Defendant Chris Bell on Plaintiff's claims against him.

DISCUSSION

Compensatory Damages

Although Defendant asserts that the compensatory damages award exceeds the maximum amount that a jury could reasonably find to be compensatory for Plaintiff's loss, Defendant's request for relief (Docket No. 140, p. 15) does not seek relief related to the compensatory damages award. In any event, the Court finds that the compensatory damages amount awarded, $226,000, was reasonable.

As a general rule, a district court has discretion to remit a compensatory damages verdict only when it is convinced that the verdict is clearly excessive; resulted from passion, bias or prejudice; or is so excessive as to shock the conscience of the court. *Sykes v. Anderson*, 625 F.3d 294, 322 (6th Cir. 2010). If there is any credible evidence to support the verdict, it should not be set aside. *Id.* Here, there was credible evidence that Plaintiff incurred substantial expenses, including costs for repairs, a new engine, loss of use of the airplane and the diminution in value of the plane. Plaintiffs asked for more than $475,000 in compensatory damages (*see* Trial Ex. 48). The $226,000 awarded by the jury was well within the amount requested by Plaintiff, was reasonable and was not so excessive as to shock the conscience of the Court.

Punitive Damages[2]

Defendant argues that the punitive damages award in this case violates the Due Process Clause of the U.S. Constitution. The U.S. Supreme Court has held that the Due Process Clause prohibits the imposition of grossly excessive or arbitrary punishments on a tortfeasor. *State Farm Mut. Auto. Ins.*

---

[2] Defendant did not object to the Court's jury instruction regarding the amount of punitive damages in this case, which set forth nine factors for the jury to consider, in accordance with Tennessee's Pattern Jury Instructions and Tennessee law. *See McLemore ex rel. McLemore v. Elizabethton Medical Investors, Limited Partnership*, 389 S.W.3d 764, 779-780 (Tenn. Ct. App. 2012).

*Co. v. Campbell*, 123 S.Ct. 1513, 1519-20 (2003). Courts reviewing punitive damages awards are instructed to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the disparity between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases. *Id*. at 1520.

To determine reprehensibility, the Court should consider whether the harm caused was physical as opposed to economic; whether the tortious conduct evinced an indifference to or reckless disregard for the health or safety of others; whether the target of the conduct had financial vulnerability; whether the conduct involved repeated actions or an isolated incident; and whether the harm was the result of intentional malice, trickery or deceit, or mere accident. *Id*. at 1521.

Here, the actual harm caused to Plaintiff was economic as opposed to physical. The potential harm caused by Defendant's misconduct, however, included an increased risk of physical injury and even death, given the non-airworthy condition of the plane.The jury found that Defendant's conduct evinced an indifference to or reckless disregard for the safety of others and was not mere accident by finding that the misrepresentation/fraud was intentional and the violation of the Tennessee Consumer Protection Act was willful. In this way, Plaintiff's case differs from *Bridgeport Music, Inc. v. Justin Combs Publishing*, 507 F.3d 470 (6th Cir. 2007), where the court found the harm (copyright infringement) was purely economic and did not threaten the health or safety of others. Moreover, this case differs from the oft-cited Supreme Court case of *BMW of North America, Inc. v. Gore*, 116 S.Ct. 1589 (1996), wherein the defendant failed to disclose that an automobile had been repainted after being damaged prior to delivery and the punitive damages award was 500 times the compensatory damages.

The Court finds that the evidence at trial supported a finding of intentional misconduct and an indifference to or reckless disregard for the safety of others. Plaintiff presented proof that the airplane

3

in question was not airworthy and that Defendant knew of and concealed the plane's dangerous condition from Plaintiff. The jury reasonably found that Defendant's sale of the airplane in a dangerous condition evidenced deceitful misconduct and a reckless disregard for the safety of others. The Court finds that the punitive damages award is reasonably related to Defendant's intentional, reprehensible misconduct.

The ratio of punitive damages to compensatory damages here is approximately 2.9 to 1. Although the Supreme Court has repeatedly rejected a bright-line rule, it has cautioned that few awards exceeding a single-digit ratio between punitive and compensatory damages will satisfy due process. *Bridgeport*, 507 F.3d at 488 (citing *State Farm*). The precise award in any case, of course, must be based upon the particular facts and circumstances of the defendant's conduct and the specific harm or potential harm to the plaintiff. *State Farm*, 123 S.Ct. at 1524. The proper inquiry is whether there is a reasonable relationship between the punitive damages award and the harm likely to result from the defendant's conduct as well as the harm that actually has occurred. *BMW,* 116 S.Ct. at 1602.

As noted, the potential harm in this case is significantly different from and greater than the actual economic harm suffered by Plaintiff. Although the actual harm suffered was purely economic, the potential for personal injury and even death from a dangerous airplane weighs in favor of the 2.9 to 1 ratio here. The Court finds that there is a reasonable relationship between the punitive damages award and the actual and potential harm caused by Defendant's conduct.

With regard to the difference between the punitive damages and the civil penalties authorized or imposed in comparable cases, the Court find that the punitive damages award, being 2.9 times the compensatory damages award, is comparable to civil penalties under the Tennessee Consumer Protection Act. The jury found Defendant liable for willful violation of the TCPA, which provides for treble damages if the violation is willful. Tenn. Code Ann. § 47-18-109(a)(3).

4

For all these reasons, the Court, having reviewed the punitive damages award in light of the evidence presented and guidance from the Supreme Court and Sixth Circuit Court of Appeals, declines to reduce the punitive damages amount awarded by the jury in this case. Accordingly, Defendant's Motion to Alter or Amend is denied.

Motion for New Trial

When presented with a Motion for New Trial under Fed. R. Civ. P. 59, the Court should not disturb a jury's verdict "as long as it is based upon sufficient evidence and was reasonably reached." *Chandler v. Specialty Tires of America, Inc.*, 283 F.3d 818, 824 (6th Cir. 2002). "When presented with conflicting evidence, credibility and factual determinations are properly left for the jury to resolve." *Id*.

The Court declines to disturb the jury's verdict in this case because it was based upon sufficient evidence and reasonably reached. Defendant has not carried his burden of establishing that the jury's verdict and damages awards should be disturbed. Accordingly, Defendant's Motion for New Trial is denied.

IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE